IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRIKA MORRISSETTE MILLER, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:21-cv-70-WKW-SRW |
| ) | |
| REO AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION AND ORDER**

On January 26, 2021, plaintiffs, proceeding *pro se*, filed the instant action. Doc. 1. The complaint, which names REO America as the sole defendant, is styled as a "Complaint and Request for Injunction." *Id.* Plaintiffs simultaneously filed applications to proceed *in forma pauperis,* but failed to file the requisite motions. Doc. 2. After a review of the complaint, the presiding district judge identified and denied a motion for a temporary restraining order embedded in the initial filing, Doc. 5 at 3, and then referred the matter to the undersigned for disposition of all pretrial matters. Doc. 6.

After referral, the undersigned ordered the plaintiffs to file the required motion to proceed *in forma pauperis*. Doc. 8. Plaintiffs complied. Doc. 9. The court then granted the motion and ordered the clerk to defer service of process on the defendant until further notice of the court, pending preliminary review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e) to ensure that plaintiffs' complaint is not "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a

defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Doc. 10.

### 1. Pleading Requirements

A review of the sufficiency of plaintiffs' complaint for purposes of 28 U.S.C. § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" (citations omitted)). Rule 8 requires that a plaintiff file a "short and plain statement" of his claim showing that s/he is entitled to relief, and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 10 provides that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* at 10(b). Rule 11 requires that there must be a factual and legal basis for each claim. *See id.* at 11(b); *see also Thomas v. Evans*, 880 F.3d 1235, 1240 (11th Cir. 1989) ("Rule 11 applies to pro se plaintiffs").

The Rule 8 standard does not require detailed factual allegations, but a plaintiff must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to satisfy Rule 8(a), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *accord*

*Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful," and "[f]actual allegations that are merely consistent with a defendant's liability are not facially plausible." *See Urquilla-Diaz*, 780 F.3d at 1051 (internal citations omitted).

Further, when a complaint alleges fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (citation omitted). According to the Eleventh Circuit:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). "Furthermore, Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). Thus, while not every element must be stated with particularity, the plaintiff must plead more

3

than generalized or conclusory statements setting out the fraud. *Knight v. Insulspan, Inc.*, No. 7:05-CV-02461-LSC, 2008 WL 11422535, at *4 (N.D. Ala. Jan. 17, 2008). "The particularity requirement of Rule 9(b) . . . still applies to *pro se* litigants, even though courts generally will allow *pro se* litigants some leniency." *Shabazz v. Bank of Am.*, No. 1:10-CV-0813-RWS-AJB, 2010 WL 11647333, at *12 (N.D. Ga. Oct. 26, 2010), *report and recommendation adopted*, No. 1:10-CV-0813-RWS, 2010 WL 11647469 (N.D. Ga. Nov. 29, 2010).

Although "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Plaintiffs' complaint must at least minimally state their claims in numbered paragraphs as required by Rule 10 and, liberally construed, must allege sufficient facts for the court reasonably to infer that defendant's actions were unlawful.

Generally, the Federal Rules of Civil Procedure require the court to give plaintiffs leave freely to amend a pleading when "justice so requires." Fed. R. Civ. P. 15(a). "A district court need not, however, allow an amendment (1) where there has been . . . repeated failure to cure deficiencies by amendment previously allowed[.]" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'A [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123,

1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)).

### 2. **Jurisdictional Requirements**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also, e.g., Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003). Moreover, as noted above, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

The federal courts are courts of limited jurisdiction. See, e.g., *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In general, the federal courts lack authority to consider the merits of a plaintiff's claims unless at least one of two sources of federal subject-matter jurisdiction is present: the existence of a federal question arising in connection with one or more of the plaintiff's claims, *see* 28 U.S.C. § 1331, or the complete diversity of the parties together with an amount in controversy in excess of $75,000, *see* 28 U.S.C. § 1332(a).

If a plaintiff relies on diversity jurisdiction and seeks only injunctive relief, "[t]he value of the requested injunctive relief is the monetary value of the benefit that would flow

to the plaintiff if the injunction were granted." *Highway 29, LLC v. Lee County Comm'n*, 2021 WL 1840883, *2 (M.D. Ala. May 7, 2021)(quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).

> Although a diversity suit should not be dismissed unless "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]," *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), this liberal standard for jurisdictional pleading is not a license for conjecture. In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction, or as the Supreme Court has put it, to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Snyder*, 394 U.S. at 340, 89 S.Ct. at 1059 (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). We think this obligation requires a court to insure that the benefits resulting from an injunction are not counted where they are so uncertain that the court cannot reasonably determine whether the amount of money placed in controversy by the present suit exceeds $75,000. Accordingly, a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is "sufficiently measurable and certain to satisfy the ... amount in controversy requirement .... *Ericsson*, 120 F.3d at 221.[6]

*Morrison v. Allstate Indem. Co.*, 228 F.3d at 1255, 1268-69 (11th Cir. 2000)(footnote in original). It is a plaintiff's burden to establish that the amount in controversy exceeds $75,000 and that diversity jurisdiction exists.

### 3. <u>Plaintiff's Complaint</u>

In his order denying plaintiffs' motion for a temporary restraining order, the presiding district judge summarized the complaint as follows:

> At the core of this action is residential property located at 3156 Cloverdale Road, in Montgomery, Alabama. The property was foreclosed and sold by Montgomery County, Alabama, to satisfy outstanding tax liabilities. Defendant REO America was the buyer. Plaintiffs allege that the sale was procured based on "falsified documents" and that Plaintiffs "hold[] the tax exempt document" for the property. (Compl., at 1–2.) Plaintiffs have

6

> two other cases pending in this court, and they allege that the Cloverdale Road property "is instrumental as evidence" in those lawsuits, which will prove "that an illegal and unwanted sale had taken place." (Compl., at 2.)
>
> Moving for expedited relief, Plaintiffs request a TRO requiring REO America to maintain the property's present condition. Plaintiffs maintain that, "[if] this property is destroyed or altered[,] then the crimes that happened within its boundaries and surrounding areas . . . will be inadequately represented." (Compl., at 3.) They also seek an injunction prohibiting REO America from accessing the property. (Compl., at 3.)

Doc. 5 at 1-2.

**A. Jurisdiction**

This court has jurisdiction over the instant matter if there is (1) a federal question or (2) complete diversity and the amount in controversy is met. *See* § 2, above. However, plaintiffs make no assertions at all regarding jurisdiction in the complaint. If plaintiffs contend that the court has federal question jurisdiction, they must show that they are bringing a cause of action under the Constitution, or a treaty or law of the United States. 28 U.S.C. § 1331. This court may not exercise federal question jurisdiction over this action as the claims are currently pled.

If plaintiffs contend that the court has diversity jurisdiction, they must establish that the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and is between:

a. citizens of different States;

b. citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

    c. citizens of different States and in which citizen or subjects of a foreign state are additional parties; and

    d. a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). For natural persons, "[c]itizenship, not residence, is the key fact that must be alleged" to establish diversity. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient")).[1] Unlike an individual, a corporation is a citizen for the purposes of diversity jurisdiction in both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiffs make no allegations as to either their or the defendant's citizenship. Therefore, this court may not exercise diversity jurisdiction over this action as currently pled.

    To establish the amount in controversy, a plaintiff must claim a sufficient sum in good faith. *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003). The matter in controversy must exceed the sum or value of $75,000 "exclusive of interest and costs." 28 U.S.C. § 1332(a). Dismissal under 28 U.S.C. § 1332 is proper where the pleadings make it clear that there is a legal certainty that the claim is really for less than the jurisdictional amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). As explained above, if a plaintiff relies on diversity jurisdiction and seeks only

---

[1] Under *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

injunctive relief, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.

Plaintiffs' complaint demands only injunctive relief. However, it fails to assert that the value of the relief they seek would exceed the jurisdictional amount—$75,000. Thus, the court cannot determine if the amount in controversy is met and may not exercise diversity jurisdiction over this action as currently pled.

### B. Pleading deficiencies

While the complaint makes clear that the plaintiffs believe the foreclosure sale of their home to have been illegal and seek to enjoin the defendant from accessing or altering the property, they do not identify any specific *claims* they are pursuing against defendant in this action *or* the legal basis for such claims. Plaintiffs' complaint must at least minimally state their *claims* in numbered paragraphs as required by Rule 10 and, liberally construed, must allege sufficient facts for the court reasonably to infer that defendant's actions were unlawful. Given these pleading deficiencies, the court cannot properly analyze the complaint to determine whether it survives the necessary §1915 review.

### 4.     **Motion for Preliminary Injunction**

While plaintiffs style their complaint "Complaint and Request for Injunction," Doc. 1, and clearly seek some kind of injunctive relief, Doc. 1 at 3, they do not set out a discrete motion for a preliminary injunction. However, construing the pleading liberally, the court construes the complaint to contain such a motion.

A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following prerequisites: (1) there is a substantial likelihood of success on the merits of

9

the complaint; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the nonmoving parties; and (4) the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the moving party demonstrates each of the four prerequisites. *McDonald's Corp.*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the motion for preliminary injunction regardless of the party's ability to establish the other prerequisites. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

While plaintiffs allege in the complaint that there will be "irreparable injury" "if this property is destroyed or altered" and maintain that destructing/altering the property will result in "the crimes that happened within its boundaries and surrounded areas" not being "[a]dequately represented," Doc. 1 at 3, plaintiffs fail to show the court that they meet all four prerequisites. Thus, the court cannot grant the motion as it is currently framed.

**5.     Conclusion and Recommendation**

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that

1. Plaintiffs be ordered to file an amended complaint that complies with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and meets the following requirements:

- (a) The amended complaint must set forth the specific federal cause(s) of action under which plaintiffs brings their claims, or allege sufficient facts to support federal question or diversity jurisdiction.

- (b) For each cause of action alleged, the amended complaint must contain factual allegations about the defendant's conduct, clearly indicating which specific factual allegations provide support for which cause(s) of action and noting the relevant date of all such actions.

- (c) The amended complaint must include clear allegations of fact which show that plaintiffs are entitled to relief under federal law.

- (d) Plaintiffs should clearly indicate which specific factual allegations provide support for each claim.

- (e) The amended complaint must be set out in numbered paragraphs, each limited, as far as practicable, to a specific set of circumstances.[2]

2. Plaintiffs' pending motion for preliminary injunction – embedded in Doc. 1 – be denied with leave to refile a motion that meets the requirements set out in Section 4 of this Recommendation; and that

3. Plaintiffs be advised that if they wish to participate in the *Pro Se* Assistance Program and receive assistance in drafting their amended complaint, that they must file the necessary paperwork—which can be found at https://www.almd.uscourts.gov/prose/pro-se-assistance-program—by a date certain that is set by the court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 28, 2021. A party must specifically identify the factual findings and

---

[2] Plaintiffs are cautioned that if this Recommendation is adopted and they are ordered to file an amended complaint, they should be aware of the following: Once a complaint is amended, the only issues before the court are those raised in the amended document, and plaintiff will not be permitted to rely upon or to incorporate his or her prior pleadings by reference. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210. 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal citation omitted)).

legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 14th day of September, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge