N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FREDRIKA MORRISSETTE MILLER　　　)
and GARY L. SAUER, JR.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　Case No.　2:21-cv-70-WKW-CWB
　　　　　　　　　　　　　　　　　　　)
REO AMERICA,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　　　)

## RECOMMENDATION OF THE MAGISTRATE JUDGE

　　　Plaintiffs, acting *pro se*, filed this action on January 26, 2021.  (Doc. 1).  Referral then was made to the Magistrate Judge pursuant to 28 U.S.C. § 636 "for further proceedings and determination or recommendation as may be appropriate."  (Doc. 6).  On September 14, 2021, the Magistrate Judge issued a recommendation that "Plaintiffs be ordered to file an amended complaint that complies with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure … ."  (Doc. 11 at p. 10).  The recommendation was adopted by the District Judge via Order dated September 30, 2021.  (Doc. 12).

　　　Notwithstanding the clear directive to do so, Plaintiffs never filed an amended complaint.  The undersigned therefore entered a subsequent Order dated September 2, 2022 specifically directing Plaintiffs to "file an amended complaint on or before September 19, 2022 meeting the requirements of the Federal Rules of Civil Procedure and the September 14, 2021 recommendation of the Magistrate Judge as adopted by the District Judge."  (Doc. 13).  Plaintiffs were "additionally informed that this case cannot proceed without their compliance" and that "[f]ailure to submit an amended complaint by September 19, 2022 **will result in a recommendation that this case be**

1

**dismissed in its entirety**." (*Id.*) (emphasis in original).  Nearly three months now have passed since the September 19, 2022 deadline, and over a year has passed since the September 1, 2021 Order, yet Plaintiffs still have taken no action to submit an amended complaint or otherwise comply with the pleading requirements set forth in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure.

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017).  So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order.  Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.*  It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630–31.  Considering Plaintiffs' blatant failure to comply with multiple directives to replead, the undersigned finds that any sanction lesser than dismissal would not be appropriate in this instance. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Accordingly, the undersigned hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed on later than December 27, 2022.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of December 2022.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**