IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRIKA MORRISSETTE MILLER and GARY L. SAUER, JR., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-70-WKW [WO] |
| REO AMERICA, | ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is Plaintiffs' *pro se* motion for an extension of time to file a notice of appeal, filed March 2, 2023, under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. (Doc. # 17.) The motion is construed as also containing a motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. For the reasons to follow, the Rule 4(a)(5)(A) motion will be denied, but the Rule 4(a)(6) motion will be granted.

**A.   Motion for Extension of Time to File an Appeal Under Rule 4(a)(5)(A)**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure governs the time for Plaintiffs to file a notice of appeal: "[T]he notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure governs motions for extensions of time to file a notice of appeal: "The

district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)–(ii).

Plaintiffs seek to appeal the judgment entered on December 28, 2022, which dismissed this action without prejudice. (Doc. # 16.) The thirty-day deadline under Rule 4(a)(1)(A) to file a notice of appeal was January 26, 2023. Plaintiffs had until Monday, February 27, 2023, to move for an extension of time to file an appeal. Their motion, which was not filed until March 2, 2023, is untimely under Rule 4(a)(5)(A)(i).

B.   **<u>Motion to Reopen the Time to File an Appeal Under Rule 4(a)(6)</u>**

Although Plaintiffs' motion is not styled as a motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, the court has considered whether Rule 4(a)(6) provides relief. *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997) ("[W]e hold that when a *pro se* appellant alleges that he did not receive notice of the entry of judgment or order from which he seeks to appeal within twenty-one days of its entry, we must treat his notice as a Rule 4(a)(6) motion and remand to the district court for a determination of whether the appellant merits an extension under that rule."). Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if . . . (A) . . . the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment . . . within 21 days

2

>after entry; (B) the motion [to reopen] is filed within 180 days after the judgment . . . is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (alterations added).

Rule 77(d) provides that "the clerk must serve notice of the entry [of the order or judgment], as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d). Rule 5(b) permits service of an order or judgment by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Considered together, Rules 5(b)(2)(C) and 77(d) permit the clerk to serve an order or judgment by mail to a party's last known address.

Here, the Clerk of Court properly mailed notice of the December 28, 2022 judgment to Plaintiffs' last known address on record (*i.e.*, the Moores Mill address) on the date the judgment was entered; therefore, the Clerk of Court met the requirements of Rule 5(b)(2)(C) and 77(d). (*See* Doc. # 16 (receipt entry).) However, Plaintiffs indicate that, while the Moores Mill address is their "anchor address," mail "has been successfully and unsuccessfully delivered to this address over the past approximately two years." (Doc. # 17 at 1.) Plaintiffs indicate that, because of a delay in delivery, they only learned of the judgment on February 22, 2023. (Doc. # 17 at 2.)

It is Plaintiffs' responsibility to maintain a valid address for reliable service. However, construing Plaintiffs' motion liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court will presume that the delivery of mail to the Moores Mill address was delayed through no fault of Plaintiffs and that they did not receive notice of the judgment until February 22, 2023. Based on this presumption, the first requirement—that Plaintiffs did not receive notice "within 21 days of entry" of the judgment—is met. Fed. R. App. P. 4(a)(6). Plaintiffs also satisfy Rule 4(a)(6)'s second requirement because they moved to reopen the time to file an appeal "within fourteen days after" February 22nd. Fed. R. App. P. 4(a)(6). Finally, Rule 4(a)(6)'s third requirement—that no party suffer prejudice if the time for an appeal is reopened—is met. *See* Fed. R. App. P. 4(a)(6), advisory committee's note to 1991 amendment ("By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal."). Because Plaintiffs' complaint has not been served on Defendant (*see* Doc. # 10), it is reasonable to presume that Defendant has "not taken some action in reliance on" Plaintiffs' failed lawsuit and that Defendant will not be prejudiced by reopening the appeal period. *Id.*

Accordingly, it is ORDERED as follows:

(1)   Plaintiffs' *pro se* motion for an extension of time to file a notice of appeal (Doc. # 17) under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure is DENIED.

(2)   Plaintiffs' motion to reopen the time to file an appeal (Doc. # 17) under Rule 4(a)(6) of the Federal Rules of Appellate Procedure is GRANTED.

(3)   The time for Plaintiffs to file their notice of appeal is reopened, and under Rule 4(a)(6), Plaintiffs must file their notice of appeal within fourteen days of the date of this Order.

DONE this 9th day of March, 2023.

>            /s/ W. Keith Watkins
> UNITED STATES DISTRICT JUDGE